By the Court.
The civil service of the state and of its subdivisions is embraced within the executive branch of the ¡government.
• By Section 3 of Article XVIII of the Constitution, as amended in September, 1912, municipalities are given authority to exercise all powers of local-self-government and to adopt and enforce within their limits such' local police, sanitary and other-similar regulations as are not in conflict with general laws.' By Section 7 of that Article a municipality' is given authority to frame and adopt or amend á charter for its government and may; sub-' ject to the provisions of Section 3, exercise thereunder “all powers of local self-government.”
In State, ex rel. Toledo, v. Lynch, 88 Ohio St., 71, it was held that the provisions of the above-' mentioned article of the constitution continue in force the general laws for the government of dities' and villages until changed in one of three modes':-1.' By the enactment of general laws for their amendment. 2. By additional laws to be ratified' by the electors of the municipality to be - affected thereby. 3. By the adoption of a charter by thé* electors' of a municipality in the mode pointed out in the article.
*309 In Fitzgerald v. City of Cleveland, 88 Ohio St., 338, it was decided that under the article referred tó a municipality was authorized to prescribe the form of government and define the powers and duties of the different departments, provided they did not exceed the powers granted in that article nor disregard the limitations of other provisions of the constitution.
It is provided by Section 10 of Article XV of the Constitution that appointments and promotions'in the civil service of the state and the several counties and cities, shall be made according to merit and' fitness, to be ascertained as far as practicable by competitive examinations, and that laws shall be passed providing for the enforcement of that provision.
It would not be contended that the civil service of a city is not a matter of municipal concern nor that the power of regulating that service is not one of the powers of local self-government. Those powers are referred to by Shauck, J., in State, ex rel. Toledo, v. Lynch, supra, as follows:. “They are such powers of government as, in view of their nature and the field of their operation’, are local and municipal in character.” And in Fitzgerald v. City of Cleveland, supra, it is said they “are clearly such as involve the exercise of the functions of government, and they are local in the sense that they relate to the municipal affairs of the particular municipality.”
The manner of regulating the civil service of a city is peculiarly a matter of municipal concern. One of the powers of local self-government is the power of legislating with reference to the local government within the limitations of the constitutional *310 provisions above referred to. As long as the provisions made- in the chárter of any municipality with reference to its civil service comply with the requirement-of Section 10 of Article'XV, and do not conflict with any other provisions of the constitution, they are valid and under the cases referred to-discontinue the general law on the' subject as to that' municipality. That provisions adopted by a city might differ from the general laws within the limits defined was not; only expected blit the very purpose of the amendment was to permit such 'differ: erices ánd make them effective.
The averments of the petition show 'that the charter for the city Of Dayton was framed arid adopted under and in accordance with the terms. of Article XVIII and duly certified to the secretary of state. By the sections of the charter, which are set ■ forth in the petition, it is further shown that the' city of Dayton fully' complied with the letter and the'spirit of Section 10 of Article XV by providirig for appointments and promotions in the civil service of the city according to merit and fitness to be ascertained by competitive examinations.
The principles declared in the case of Fitzgerald v. City of Cleveland; supra, apply here and control the decision of this case. A further discussion of them is unnecessary. -

The demurrer will he sustained and the petition dismissed.

Nicitols, C: J., Johnson, Wanamaker and Wilkin, JJ., concur. :